*In re* JESÚS R. MOLL FARIÑA.

*Número:* TS-3374          *Resuelto:* 24 de marzo de 2015

*Geisa M. Marrero Martínez*, en informe.

PER CURIAM: Ante la indiferencia demostrada por un miembro de la profesión legal al incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), así como por hacer caso omiso a los requerimientos del PEJC y de este Tribunal, nos vemos forzados a ordenar su suspensión indefinida.

I

El Lcdo. Jesús R. Moll Fariña fue admitido al ejercicio de la abogacía el 9 de enero de 1970.[1] El 10 de octubre de 2014 la Directora del PEJC, en representación de la Junta de Educación Jurídica Continua, presentó ante nosotros un Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua. Explicó que, debido a que el licenciado Moll Fariña incumplió con los requisitos del PEJC durante el periodo de 1 de agosto de 2007 al 31 de julio de 2009,[2]

---

[1] Surge del expediente que el licenciado Moll Fariña no es notario.

[2] Cabe mencionar que, según el Informe presentado, el licenciado Moll Fariña también incumplió con los requisitos del PEJC durante los periodos de 1 de agosto de

se le envió un Aviso de Incumplimiento el 3 de septiembre de 2009. A pesar de que en el aviso una de las alternativas que se le otorgó fue 60 días adicionales para tomar los cursos, el licenciado Moll Fariña no tomó los cursos adeudados ni pagó la cuota por cumplimiento tardío. Como consecuencia, el 1 de septiembre de 2011 el PEJC lo citó a una vista informal a celebrarse el 23 de septiembre de 2011. La incomparecencia del licenciado Moll Fariña a dicha vista conllevó que se remitiera el asunto a la consideración de este Tribunal para que tomáramos conocimiento de la situación, le concediéramos un término final al licenciado Moll Fariña para que subsanara la deficiencia y emitiéramos cualquier dictamen que procediera en derecho.

En atención a ello, el 31 de octubre de 2014 —notificada el 5 de noviembre de 2014— emitimos una Resolución en la cual concedimos al licenciado Moll Fariña un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con el Programa cuando se le requirió. Al presente, el licenciado Moll Fariña no ha comparecido. Es importante destacar que todas las comunicaciones previamente mencionadas se cursaron a la dirección del licenciado Moll Fariña que consta en el Registro Único de Abogados y Abogadas (RUA) y que ninguna fue devuelta. Examinemos la normativa aplicable a este asunto.

## II

Los abogados y las abogadas admitidos a la práctica en nuestra jurisdicción tienen la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejora-

---

2009 al 31 de julio de 2011 y de 1 de agosto de 2011 al 31 de julio de 2013. Sin embargo, con relación a estos periodos no se ha citado al licenciado Moll Fariña a una vista informal.

miento profesional [...]".(³) En sintonía con el deber antes expuesto y en virtud de nuestro poder inherente para reglamentar la profesión de la abogacía, este Tribunal adoptó el Reglamento de Educación Jurídica Continua(⁴) y, posteriormente, el Reglamento del Programa de Educación Jurídica Continua (Reglamento del PEJC).(⁵)

Estos reglamentos se adoptaron para establecer un programa de educación jurídica continua que contribuyera al mejoramiento profesional de los abogados y las abogadas, así como a la actualización de sus conocimientos y destrezas jurídicas.(⁶) Todo ello para fomentar el ejercicio de la profesión dentro de los más altos niveles de calidad y competencia.(⁷)

En lo pertinente, el Reglamento del PEJC exige a quienes ejercen la abogacía que, de no estar exentos, aprueben como mínimo 24 horas crédito en cursos sobre educación jurídica. Estos cursos son acreditables cada dos años.(⁸) Además, dispone que todo profesional del Derecho debe presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento de las 24 horas crédito durante los 30 días siguientes a la terminación de cada periodo de cumplimiento.(⁹)

Cuando algún miembro de la profesión no cumple con los requisitos del PEJC, como primer paso, la Junta de Educación Jurídica Continua le envía un Aviso de Incumplimiento.(¹⁰) Como alternativa para el cumplimiento,

---

(³) Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX.

(⁴) Véase *In re Regl. Educ. Jur. Cont.*, 146 DPR 494 (1998).

(⁵) Véase *In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR. 555 (2005).

(⁶) Íd.

(⁷) Íd.

(⁸) Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E. Véase, además, Regla 6 del Reglamento de Educación Jurídica Continua de 1998 (4 LPRA Ap. XVII-D).

(⁹) Regla 28 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

(¹⁰) Regla 29 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

el Reglamento del PEJC permite que los abogados y las abogadas puedan cumplir tardíamente con las obligaciones que les impone dicho programa. Para ello, deben presentar un escrito en el cual expliquen las razones de la tardanza y paguen la cuota correspondiente dentro de los 30 días siguientes a la notificación del Aviso de Incumplimiento.[11]

En caso de que el abogado o la abogada no cumpla con lo requerido, la Junta de Educación Jurídica Continua le cita a una vista informal en la que podrá presentar prueba y exponer las razones que justifican su proceder.[12] Si el abogado o la abogada no comparece a la celebración de la vista, el asunto se remite a la consideración de este Tribunal.[13] En el pasado hemos ejercido nuestra facultad disciplinaria para suspender del ejercicio de la profesión a abogados y abogadas que no cumplen con los requisitos del PEJC ni atienden sus requerimientos, así como las órdenes de este Tribunal. Véanse: *In re Del Campo Alomar*, 188 DPR 587 (2013); *In re Piñeiro Vega*, 188 DPR 77 (2013); *In re Grau Collazo*, 185 DPR 938 (2012).

◼ En este contexto, el Canon 9 del Código de Ética Profesional exige que la conducta de los miembros de la abogacía hacia los tribunales se caracterice por el mayor respeto.[14] De este precepto emana la ineludible obligación de quienes ejercen la profesión legal de responder oportunamente a los requerimientos de este Tribunal. *In re García Ortiz*, 187 DPR 507, 524 (2012); *In re Grau Collazo*, supra, págs. 943–944; *In re Ramírez Ferrer*, 183 DPR 382, 384 (2011).

En infinidad de ocasiones hemos reiterado que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión, pues demuestra

---

[11] Regla 30 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

[12] Reglas 31 y 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

[13] Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

[14] 4 LPRA Ap. IX.

dejadez e indiferencia a nuestros apercibimientos. *In re Massanet Rodríguez*, 188 DPR 116, 125 (2013); *In re Fidalgo Córdova*, 183 DPR 217, 222 (2011); *In re Fiel Martínez*, 180 DPR 426, 430 (2010). De igual forma, la actitud de no cumplir con las órdenes del Tribunal denota menosprecio hacia nuestra autoridad, por lo cual dicha conducta constituye una violación al Canon 9 del Código de Ética Profesional. *In re Guzmán Rodríguez*, 187 DPR 826, 829 (2013); *In re Fiel Martínez*, supra, págs. 430–431.

A pesar de ser enfáticos con la norma antes señalada, en repetidas ocasiones nos hemos visto obligados a suspender abogados y abogadas por mostrar una actitud de indiferencia y dejadez con relación a nuestros requerimientos. *In re Mendoza Ramírez*, 188 DPR 244, 249 (2013); *In re Colón Olivo*, 187 DPR 659, 663 (2013); *In re Rodríguez Salas*, 181 DPR 579, 581 (2011); *In re Rodríguez Rodríguez*, 180 DPR 841, 843–844 (2011). Apliquemos este marco legal a los hechos ante nuestra consideración.

### III

Según expuesto previamente, el licenciado Moll Fariña no tomó ningún curso de educación jurídica continua durante el periodo del 1 de agosto de 2007 al 31 de julio de 2009, incumpliendo así con lo requerido por el Reglamento del PEJC. Asimismo, el PEJC le concedió la oportunidad de cumplir con su obligación, aunque fuera tardíamente, y justificar su incumplimiento para evitar así la imposición de una medida disciplinaria en su contra. Sin embargo, el licenciado Moll Fariña ignoró las notificaciones y los avisos enviados por el PEJC.

Se añade al patrón de incumplimiento desplegado por el licenciado Moll Fariña que éste también hizo caso omiso a la Resolución que emitió este Tribunal el 31 de octubre de 2014 mediante la cual se le ordenó mostrar causa por la cual no debía ser suspendido del ejercicio de la profesión de

la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando se le citó.

Cabe mencionar que todas las comunicaciones cursadas al licenciado Moll Fariña se remitieron a la dirección que surge del RUA y que ninguna fue devuelta. No podemos entonces tolerar que miembros de la profesión legal actúen con indiferencia y despreocupación ante sus obligaciones y más aún ante los requerimientos de este Tribunal. Al no comparecer ante nosotros y mostrar causa por la que no debía ser suspendido del ejercicio de la abogacía, el licenciado Moll Fariña mostró menosprecio hacia nuestra autoridad.

Todo lo anterior nos obliga a *decretar la suspensión inmediata e indefinida del licenciado Moll Fariña del ejercicio de la abogacía. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión "per curiam" y sentencia.*

*Se dictará sentencia de conformidad.*