*In re* JOSÉ RAÚL MÉNDEZ MARRERO.

*Número:* TS-4,876      *Resuelto:* 10 de abril de 2015

PER CURIAM: Nuevamente nos vemos forzados a suspender a un abogado por su incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC).

## I

El Lcdo. José Raúl Méndez Marrero fue admitido al ejercicio de la abogacía el 5 de septiembre de 1975.(1) En el

---

(1) El Lcdo. José Raúl Méndez Marrero fue admitido a la notaría el 28 de octubre de 1975. Posteriormente, el abogado informó su intención de cesar voluntaria-

2009, el PEJC envió al abogado un Aviso de Incumplimiento mediante el cual le concedió 60 días para que tomara los cursos de educación jurídica continua que adeudaba a la fecha. Dos años más tarde, ante la ausencia de una respuesta, el PEJC cursó al licenciado Méndez Marrero una citación para una vista informal. La carta se envió al estado de New York, a la dirección del abogado que surgía del Registro Único de Abogados y Abogadas de Puerto Rico (RUA). No obstante, el abogado no compareció a la vista informal.

El 10 de octubre de 2014, la Directora del PEJC presentó ante este Tribunal un Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua, en el que notificó que el licenciado Méndez Marrero no cumplió con los créditos de educación jurídica continua para el período del 1 de agosto de 2007 al 31 de julio de 2009.[2] El 31 de octubre de 2014 emitimos una Resolución en la que concedimos 20 días al letrado para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Al día de hoy el abogado no ha contestado.

## II

El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, impone a los profesionales del Derecho la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional" con el propósito de asegurar que estos provean una representación legal adecuada a sus clientes. Conforme a lo anterior, el Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E, exige que los abogados

---

mente la práctica de la notaría debido a su traslado al estado de New York. El 29 de agosto de 1986 autorizamos su solicitud.

[2] En su Informe, el Programa de Educación Jurídica Continua (PEJC) nos indicó que el licenciado Méndez Marrero también incumplió con los períodos del 1 de agosto de 2009 hasta el 31 de julio de 2011 y del 1 de agosto de 2011 hasta el 31 de julio de 2013, pero añadió que el licenciado no fue citado a vista para dichos períodos.

presenten a la Junta de Educación Jurídica Continua (Junta) un Informe de Cumplimiento que demuestre que completaron un mínimo de 24 horas crédito para cada período de 2 años de duración.[3] El informe deberá completarse en todos los casos, aun en aquellos que el abogado esté excluido o exento de los requisitos del Programa.[4] Recientemente informamos a la comunidad legal sobre los múltiples mecanismos que están disponibles para cumplir con las exigencias del PEJC y explicamos el procedimiento administrativo que debe seguirse para solicitarlos.[5] Es norma reiterada que aquellos abogados que no cumplan con los requisitos del PEJC serán suspendidos de forma inmediata del ejercicio de la abogacía y la notaría.[6]

## III

Del Informe presentado por el PEJC y del expediente que obra ante nuestra consideración surge que el licenciado Méndez Marrero no solicitó el cambio a estatus inactivo en el Tribunal Supremo, no cumplió con los requisitos del PEJC para el período del 1 de agosto de 2007 al 31 de julio de 2009 ni contestó los requerimientos de este Foro. Por tales razones, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía de forma inmediata e indefinida.

## IV

Por los fundamentos expuestos, *se ordena la suspensión inmediata e indefinida del Lcdo. José Raúl Méndez Marrero de la práctica de la abogacía en esta jurisdicción. El*

[3] Regla 28 del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E.

[4] Íd.

[5] *In re Jové Gotay*, 2015 TSPR 67, 192 DPR 8257-I (2015); *In re Sitiriche Torres*, 2015 TSPR 66, 192 DPR 8254-III (2015).

[6] *In re Jové Gotay*, supra; *In re Sitiriche Torres*, supra; *Villamarzo García, Ex parte*, 190 DPR 443, 447 (2014); *In re Prado Rodríguez*, 190 DPR 361, 367 (2014).

*licenciado Méndez Marrero deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y les devolverá los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente de resolución y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contado a partir de la notificación de la presente Opinión "Per Curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*