EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 142 |
| Edgardo Luis Rivera Rivera | 195 DPR ____ |
| | |

Número del Caso: TS-5,953

Fecha: 28 de junio de 2016

Programa de Educación Jurídica Continua:

    Hon. Geisa M. Marrero Martínez
    Directora Ejecutiva

Abogado del Querellado:

    Por Derecho Propio

Materia: La suspensión será efectiva el 30 de junio de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | **Núm.** TS-5,953 |
| Edgardo Luis Rivera Rivera | |

*PER CURIAM*

San Juan, Puerto Rico, a 28 de junio de 2016.

Nuevamente, nos corresponde ordenar la suspensión inmediata e indefinida de un profesional del Derecho por incumplir, de forma reiterada, con los requisitos de educación jurídica continua. Véase *Reglamento de Educación Jurídica Continua*, 4 L.P.R.A. Ap. XVII-D, según enmendado; *Reglamento del Programa de Educación Jurídica Continua*, 4 L.P.R.A. Ap. XVII-E, según enmendado.

I

El Lcdo. Edgardo L. Rivera Rivera fue admitido a la práctica de la profesión de la abogacía el 1 de noviembre de 1978 y de la notaría el 27 de noviembre de 1978.[1]

El licenciado Rivera Rivera incumplió con los requisitos de educación jurídica continua para el periodo de cumplimiento de 1 de febrero de 2007 al 31 de enero de 2009. En consecuencia, el 25 de febrero de 2009, El Programa de Educación Jurídica Continua (PEJC) le envió un *Aviso de incumplimiento*. Entre otras opciones, en éste se

---

[1] Mediante *Resolución* emitida el 26 de marzo de 1987, autorizamos la cesación del licenciado Rivera Rivera del ejercicio de la notaría.

le concedió un término adicional de sesenta (60) días para completar los créditos adeudados. No obstante, el licenciado Rivera Rivera incumplió con su obligación. En consecuencia, transcurrido un periodo más que razonable, el 18 de noviembre de 2010, el PEJC le cursó una *Citación* para una vista informal a ser celebrada el 7 de diciembre de 2010.

El licenciado Rivera Rivera no compareció a la vista informal. Por ello, el Oficial Examinador encargado de la misma recomendó remitir el asunto ante la consideración de este Foro, conforme a lo establecido en la Regla 32 (C) del *Reglamento del Programa de Educación Jurídica Continua*, 4 L.P.R.A. Ap. XVII-E R. 32 (C).[2] Luego de varios incidentes procesales, el 12 de diciembre de 2012, la entonces Directora del PEJC, Lcda. Yanis Blanco Santiago, presentó ante este Tribunal un *Informe sobre cumplimiento con requisito de educación jurídica continua (Incomparecencia a vista informal)*.

Tras examinar el referido *Informe*, el 4 de enero de 2013, este Tribunal le notificó al licenciado Rivera Rivera una *Resolución* en la que se le concedió un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos

---

[2] Tras las *Enmiendas al Reglamento del Programa de Educación Jurídica Continua*, 2015 T.S.P.R. 77, 193 D.P.R. ___ (2015), dicha disposición consta bajo el inciso (D) de la Regla 32.

de educación jurídica continua y no comparecer ante el PEJC cuando le fue requerido.

El 23 de abril de 2013, el licenciado Rivera Rivera presentó un escrito intitulado *Moción en cumplimiento de orden de mostrar causa*. En éste, informó que deseaba hacer entrega de su licencia para practicar la profesión de la abogacía. [3] Ello, pues, residía en España con tal de convertirse en sacerdote en el Seminario La Inmaculada de Valencia. Por tanto, solicitó que se archivara el *Informe* en cuestión y se le concediera la renuncia solicitada.

En consecuencia, la entonces Directora del PEJC, Hon. Geisa M. Marrero Martínez, presentó una *Moción informativa en respuesta a formulario sobre autorización de estatus inactivo*. La Directora destacó que se encontraba ante nuestra consideración el *Informe* presentado por el PEJC respecto al incumplimiento del licenciado Rivera Rivera. Además, informó que éste había incumplido con todos sus periodos de cumplimiento, a saber: 1 de febrero de 2007 al 31 de enero de 2009; 1 de febrero de 2009 al 31 de enero de 2011, y de 1 de febrero de 2011 al 31 de enero de 2013.

De otra parte, la Directora indicó que el licenciado Rivera Rivera no realizó los pagos correspondientes a la cuota por cumplimiento tardío a tenor con la Regla 30 del *Reglamento del Programa*, 4 L.P.R.A. Ap. XVII-E R. 30. Por

---

[3] El licenciado Rivera Rivera expresa en su *Moción* que le notificó a este Tribunal, durante el mes de septiembre de 2012, su decisión de hacer entrega libre y voluntaria de su licencia. No obstante, hacemos constar que no obra en su expediente una solicitud a esos efectos.

último, la Directora arguyó que, aunque el licenciado Rivera Rivera expuso las razones por las cuales no podía cumplir con los requisitos de educación jurídica continua al presente, éste no justificó su incumplimiento con los requisitos ya vencidos.

Consecuentemente, el 31 de mayo de 2013, este Tribunal emitió una *Resolución* en la que se le concedió un término de veinte (20) días al licenciado Rivera Rivera para mostrar causa por la cual no debíamos separarlo del ejercicio de la abogacía ante su incumplimiento con el PEJC.

El licenciado Rivera Rivera compareció ante este Tribunal, el 17 de junio de 2013, mediante una *Moción en cumplimiento de orden de mostrar causa*. Éste indicó "[q]ue no tengo inconveniente de ser separado del ejercicio de tan honrosa profesión, toda vez y como antes he expresado, que me encuentro fuera de la patria estudiando en un seminario católico de formación para el sacerdocio". Asimismo, reiteró su solicitud de baja voluntaria.[4]

**II**

---

[4] El 20 de abril de 2015, le solicitamos tanto al PEJC como a la Oficina de la Procuradora General, que se expresaran en torno a la petición de baja voluntaria del licenciado Rivera Rivera. El PEJC, por su parte, reiteró su postura antes reseñada. De otra parte, la Oficina de la Procuradora General nos informó que existían querellas en contra de éste, a saber: AB-2010-199 y AB-2012-211. Por último, destacamos que surge del expediente de licenciado Rivera Rivera que también pende en su contra una queja, AB-2014-33.

En el ejercicio de nuestro poder inherente para regular la profesión de la abogacía, creamos un programa de educación jurídica continua obligatoria mediante la aprobación del *Reglamento de Educación Jurídica Continua*, *supra*. Delegamos en la Junta de Educación Jurídica Continua la facultad de administrar y asegurar el cumplimiento de los profesionales del Derecho con los requisitos reglamentarios ahí establecidos. *In re: Ezratty Samo*, 2016 T.S.P.R. 19, 194 D.P.R. ___ (2016). Ello, con el propósito de asegurar que la clase togada ejerza sus funciones de manera ética, con competencia y calidad. *In re: Pérez Menéndez*, 2015 T.S.P.R. 174, 194 D.P.R. ___ (2015).

Tal proceder respondió a lo dispuesto en el Canon 2 del *Código de ética profesional* que impone a los profesionales del Derecho la responsabilidad de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". 4 L.P.R.A. Ap. IX C. 2.

Este Tribunal no ha vacilado en ejercer su facultad disciplinaria en contra de aquellos profesionales del Derecho que hacen caso omiso a los referidos requisitos. Por ello, de forma diáfana hemos hecho constar que "la desidia y la dejadez ante los requerimientos del PEJC, no solo constituye un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que

encarna el Canon 2 del Código de Ética Profesional". *In re: López Santos*, 2016 T.S.P.R. 37, en la pág. 11, 194 D.P.R. ___ (2016); *In re: Tirado Saltares*, 2015 T.S.P.R. 177, 194 D.P.R. ___ (2015); *In re: Cepero Rivera*, 2015 T.S.P.R. 119, 193 D.P.R. ___ (2015). "El proceder apático e indiferente respecto a nuestros pronunciamientos, constituye un ultraje a la autoridad de este Tribunal y a nuestro poder inherente de regular el ejercicio de la profesión legal". *In re: Ramón L. Nieves Vázquez*, 2016 T.S.P.R. 22, 194 D.P.R. ___ (2016).

Por tanto, aquellos profesionales del Derecho que incumplan con los requisitos de educación continua serán suspendidos de forma inmediata del ejercicio de la abogacía y la notaría. Véase *In re: José Raúl Méndez Marrero*, 192 D.P.R. 923, 925 (2015); *In re: Jesús R. Moll Fariña*, 192 D.P.R. 763 (2015); *In re: José Francisco Cardona Veguet*, 192 D.P.R. 532 (2015).

**III**

El licenciado Rivera Rivera admite, y el expediente evidencia, su incumplimiento con los requisitos de educación jurídica continua para los periodos de cumplimiento que comprenden los años del 2007 al 2013. Pese a que el licenciado Rivera Rivera no tomó acciones suficientes conducentes a subsanar las deficiencias señaladas, le solicitó a este Tribunal que hiciera caso omiso a los señalamientos del PEJC y autorizara su renuncia voluntaria de la práctica de la abogacía.

Entretener la petición del licenciado Rivera Rivera tendría como consecuencia permitirle esquivar las consecuencias de su incumplimiento con las obligaciones que rigen la profesión legal. Por ende, tal proceder constituiría un subterfugio a nuestra facultad disciplinaria y contravendría nuestros firmes pronunciamientos respecto a la importancia de la educación jurídica continua para la clase togada.

## IV

En atención a lo anterior, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Rivera Rivera. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de su respectiva suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese vía correo electrónico y correo certificado esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

**Núm.** TS-5953

Lcdo. Edgardo L. Rivera Rivera

SENTENCIA

San Juan, Puerto Rico, a 28 de junio de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Edgardo L. Rivera Rivera. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de su respectiva suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese vía correo electrónico y correo certificado esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Edgardo Luis Rivera Rivera          Núm. TS-5953

RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de agosto de 2016.

Examinada la *Comparecencia Especial Para Solicitar Aclaración* presentada por el Lcdo. Edgardo Luis Rivera Rivera (RUA Núm. 9884), con lugar como se pide.

Se ordena enmendar *Nunc Pro Tunc* la Opinión *Per Curiam* de 28 de junio de 2016, *In re: Edgardo Luis Rivera Rivera*, TS-5953, a los únicos efectos de que se incluya en el tercer párrafo de la Opinión, una nota al calce indicando lo siguiente:

> "Cabe mencionar que existen en nuestra jurisdicción tres abogados de nombre Edgardo Luis Rivera Rivera. Sin embargo, el abogado con tal nombre que ha sido suspendido inmediata e indefinidamente de la práctica de la abogacía es el identificado mediante el número TS-5953".

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez proveería no ha lugar. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Rivera García no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo