EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

Miguel Ojeda Martínez | 2019 TSPR 106

202 DPR _____ |

Número del Caso:  TS-8,023


Fecha:  31 de mayo de 2019


Lcdo. Miguel Ojeda Martínez:

     Por derecho propio


Programa de Educación Jurídica Continua:

     Lcdo. José Ignacio Campos Pérez
     Director Ejecutivo


Conducta Profesional: La suspensión será efectiva el 5 de junio de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Miguel Ojeda Martínez          TS-8,023

*PER CURIAM*

En San Juan, Puerto Rico, a 31 de mayo de 2019.

En el día de hoy, nuevamente nos vemos obligados a suspender a un miembro de nuestra profesión legal, por incumplir con los requisitos del Programa de Educación Jurídica Continua. Veamos.

I.

El licenciado Miguel A. Ojeda Martínez fue admitido al ejercicio de la abogacía el 25 de enero de 1985 y al ejercicio de la notaría el 1 de julio de 1985.[1]

El 12 de mayo de 2017, el Programa de Educación Jurídica Continua (en adelante "PEJC"), presentó un *Informe sobre incumplimiento con requisitos de educación jurídica continua* en el cual le notificó a este Tribunal sobre aquellos profesionales del derecho que no habían cumplido dichos

_____

[1] El 3 de julio de 2012 fue suspendido indefinidamente del ejercicio de la abogacía y la notaría. Posteriormente, el 16 de enero de 2013 fue reinstalado **sólo al ejercicio de la abogacía**.

requisitos durante el periodo del 1 de agosto de 2009 al 31 de julio de 2011, entre los cuales se encontraba el licenciado Ojeda Martínez. Según se indica en dicho *Informe*, los letrados en cuestión tampoco habían cumplido los requisitos para los periodos posteriores.

En respuesta al referido *Informe*, el 31 de marzo de 2017 emitimos una *Resolución* en la cual concedimos al licenciado Ojeda Martínez un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión legal por incumplir con los requisitos de educación jurídica continua. Dicha *Resolución* fue oportunamente notificada al referido letrado.

En cumplimiento con dicha orden, el 7 de julio de 2017 el licenciado Ojeda Martínez compareció ante nos mediante una *Moción responsiva*, en la que informó que no había podido cumplir con tales requisitos debido a su condición de salud en los últimos dos (2) años. Además, alegó que había estado cuidando de sus padres, quienes estaban muy ancianos y enfermos.

En dicha moción, el referido letrado también manifestó que deseaba cumplir con los requisitos de educación jurídica continua y que se comprometía a así hacerlo. Asimismo, informó estar enviando un giro postal por la cantidad de $100.00 para el pago de la penalidad por su incumplimiento.

Finalmente, solicitó que se le concediera "una última oportunidad" para cumplir con los créditos del PEJC.

Examinada la *Moción responsiva* del licenciado Ojeda Martínez, el 2 de agosto de 2017 este Tribunal emitió otra *Resolución* en la cual se le concedió al letrado un término de sesenta (60) días para que éste cumpliese con los requisitos del PEJC y presentase la correspondiente certificación de cumplimiento. No obstante, el abogado nunca compareció.

Ante la falta de respuesta del referido letrado, el 21 de marzo de 2018 emitimos una tercera *Resolución* en la cual le concedimos al licenciado Ojeda Martínez un término final de veinte (20) días para cumplir con nuestra *Resolución* del 2 de agosto de 2017. Esta Resolución también fue oportunamente notificada al referido letrado.

El 7 de mayo de 2018 el licenciado Ojeda Martínez compareció ante nos mediante una moción en la que, en síntesis, indicó que el paso del huracán María por el país provocó que los cursos de educación jurídica continua en los que estaba matriculado se cancelaran, lo cual le impidió cumplir con lo ordenado en el término concedido. Según informó en su escrito, tan pronto le fue posible tomó y aprobó ciertos cursos e indicó que estaba por tomar otros en los que ya se había matriculado. Sin embargo, no anejó documento alguno que certificase los cursos aprobados.

Finalmente, solicitó que se le concediera hasta finales de junio 2018 para dar cumplimiento a los requisitos del PEJC.

Así las cosas, el 26 de octubre de 2018 emitimos una nueva *Resolución* mediante la cual concedimos al licenciado Ojeda Martínez un término de treinta (30) días para que mostrase causa por la cual no debía ser suspendido del ejercicio de la abogacía por no cumplir con los requerimientos del PEJC. Dicha *Resolución,* al igual que las anteriores, fue notificada en tiempo al referido letrado.

En respuesta a nuestra orden, el 7 de diciembre de 2018 el licenciado Ojeda Martínez compareció ante nos mediante *Moción mostrando causa.* En la misma, el referido letrado nos informó que comenzó a tomar los cursos correspondientes en el mes de abril de 2018, pero que a principios de mayo su salud se afectó seriamente, por lo que estuvo hospitalizado durante treinta y seis (36) días hasta el mes de julio 2018. Según indicó el licenciado Ojeda Martínez, éste se sometió a cuatro (4) operaciones, de las cuales aún se estaba recuperando. En esa ocasión, acompañó en dicha moción copias de los documentos acreditativos de su diagnóstico y hospitalización.

Por las circunstancias antes descritas, el referido letrado solicitó una prórroga hasta el mes de abril de 2019 para completar sus cursos de educación jurídica continua. Mencionó en su escrito que lleva seis (6) años retirado de

la profesión de la abogacía, pero para él es un honor permanecer en el registro de abogados de este Tribunal.

Dadas sus complicaciones de salud, y en vista de que el licenciado Ojeda Martínez indicó que llevaba seis (6) años retirado de la profesión, el 4 de enero de 2019 emitimos una *Resolución* en la cual le concedimos al licenciado Ojeda Martínez un **término final** de sesenta (60) días para cumplir con los requisitos del PEJC o, en la alternativa, solicitar la baja voluntaria del ejercicio de la profesión legal. En la referida *Resolución* apercibimos al letrado que el incumplimiento con esa orden final del Tribunal podría acarrear la imposición de sanciones severas, como lo es la suspensión del ejercicio de la profesión legal. No empece lo anterior, el licenciado Ojeda Martínez nunca compareció ante este Tribunal.

Al momento, según surge de los récords del PEJC en lo referente al letrado en cuestión, el periodo 2007-2009 fue cerrado administrativamente y del periodo 2009-2011 aún le faltan 12.25 créditos por cumplir. Tiene incumplidos los periodos 2011-2013 y 2013-2016. Además, tampoco tiene créditos acumulados para el periodo 2016-2019, el cual se vence el 31 de julio de 2019. Sin embargo, surge también del expediente del PEJC que el letrado ha cumplido con el pago de las multas por cumplimiento tardío.

Evaluado el expediente ante nuestra consideración estamos en posición de resolver.

II.

A.

Como es sabido, en aras de garantizar una representación legal adecuada a los ciudadanos y ciudadanas que acuden ante nuestros tribunales, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, exige a los abogados y las abogadas "lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Para viabilizar el cumplimiento con dicho deber, este Tribunal aprobó el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. Éste, en su Regla 30, *supra*, le requiere a todos los abogados y las abogadas activas en Puerto Rico la aprobación de veinticuatro (24) horas crédito en cursos de educación jurídica continua en un periodo de tres (3) años.

En aquellas instancias en que un abogado o abogada incumple con los requisitos del PEJC, el mencionado Reglamento establece que se celebrará una vista informal con el letrado o la letrada en cuestión para que éste o ésta tenga la oportunidad de explicar las razones de su incumplimiento. *Íd.*, Regla 32. Si el o la profesional del derecho no comparece a la vista, la Junta del PEJC deberá

referir el asunto ante la consideración de este Tribunal. *Íd.* Véase, además, *In re Landrón Hernández*, 2019 TSPR 41; *In re Gómez Riefkohl*, 197 DPR 1093 (2017); *In re González Borgos*, 192 DPR 925 (2015).

### B.

De otra parte, y por ser en extremo pertinente para la correcta disposición del proceso disciplinario ante nuestra consideración, conviene señalar aquí que el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que el comportamiento de todo abogado y abogada ante los tribunales "se caracterice por el mayor respeto". *In re Landrón Hernández*, *supra*; *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re López Méndez*, 196 DPR 956 (2016). Conforme a lo anterior, en múltiples ocasiones hemos reiterado que los miembros de la profesión legal tienen el deber de responder las órdenes de este Tribunal con la mayor diligencia posible, en especial cuando se trata de procesos disciplinarios. *In re López Cordero*, 2018 TSPR 80, 200 DPR ___ (2018); *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, *supra*.

La desatención o el incumplimiento con las órdenes de los tribunales es una seria falta a la autoridad de los tribunales y, a su vez, constituye una transgresión al Canon 9 del Código de Ética Profesional, *supra*. *In re Landrón Hernández, supra*; *In re López Méndez, supra*; *In re Pestaña*

*Segovia,* 192 DPR 485 (2015). Por tal razón, cuando un abogado o abogada ignora las órdenes de este Tribunal, procede su suspensión inmediata de la abogacía. *In re Landrón Hernández, supra*; *In re Pérez Román*, 191 DPR 186, 188 (2014); *In re Martínez Romero*, *supra*; *In re Arroyo Rivera*, 182 DPR 732, 735-736 (2011).

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer del proceso disciplinario ante nuestra consideración.

III.

Como mencionamos anteriormente, en el presente caso y en lo referente a los requisitos de educación jurídica continua, el licenciado Ojeda Martínez adeuda 12.25 créditos del periodo 2009-2011, tiene incumplidos los periodos 2011-2013 y 2013-2016, y no tiene créditos acumulados para el periodo 2016-2019, el cual se vence el 31 de julio de 2019. Ello, a pesar de las múltiples prórrogas y oportunidades que este Tribunal le ha concedido a éste para dar cumplimiento a los mismos.

Como ha quedado claramente demostrado, el letrado en cuestión no sólo ha incumplido con los requisitos de educación jurídica continua que se le exigen, sino que además ha desatendido las órdenes de este Tribunal en más de una instancia durante este proceso disciplinario. Eso,

por sí solo, sería razón para ordenar su suspensión inmediata del ejercicio de la profesión legal.

Ahora bien, en la última ocasión en que el licenciado Ojeda Martínez compareció ante nos, este Tribunal fue sumamente comprensivo con las circunstancias descritas por el letrado. Tomando en consideración el hecho de que llevaba varios años sin practicar la abogacía, se le concedió la oportunidad de cumplir con los requisitos del PEJC o, en la alternativa, solicitar la baja voluntaria de la profesión. No obstante, y como ya ha ocurrido en ocasiones anteriores, el referido letrado no compareció ante nos, mostrando total indiferencia hacia el cumplimiento de los requisitos que exige esta noble profesión y a las órdenes de este Tribunal. Procede, pues, su suspensión inmediata del ejercicio de la abogacía.

IV.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al licenciado Ojeda Martínez del ejercicio de la abogacía.

Se le impone, además, el deber de notificar a todos sus clientes, si alguno, su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente.

Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Miguel Ojeda Martínez        TS-8023

SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2019.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Ojeda Martínez del ejercicio de la abogacía. Se le impone, además, el deber de notificar a todos sus clientes, si alguno, su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo