EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                          | 2019 TSPR 142     |
|---------------------------------|-------------------|
| Roberto A. Molinary Machado     | 203 DPR _____     |

Número del Caso:  TS-12,401


Fecha:  1ro de agosto de 2019


Programa de Educación Jurídica Continua:

     Lcdo. José Ignacio Campos Pérez
     Director Ejecutivo


Lcdo. Roberto A. Molinary Machado:

     Por derecho propio


Conducta Profesional: La suspensión será efectiva el 13 de agosto de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Roberto A. Molinary Machado        TS-12,401

*PER CURIAM*

En San Juan, Puerto Rico, a 1 de agosto de 2019.

En el día de hoy, nuevamente nos vemos obligados a suspender a un miembro de nuestra profesión legal, por incumplir con los requisitos del Programa de Educación Jurídica Continua. Veamos.

I.

El licenciado Roberto A. Molinary Machado fue admitido al ejercicio de la abogacía el 16 de julio de 1998 y al ejercicio de la notaría el 18 de agosto de 1998.

El 26 de abril de 2017, el Programa de Educación Jurídica Continua (en adelante, "PEJC"), presentó un *Informe sobre incumplimiento con requisitos de educación jurídica continua* en el cual le notificó a este Tribunal sobre aquellos profesionales del  derecho

que no habían cumplido dichos requisitos durante el periodo de 1 de julio de 2009 al 30 de junio de 2011, entre los cuales se encontraba el licenciado Molinary Machado. Según se indica en dicho *Informe,* el letrado en cuestión también adeudaba la cantidad de ciento cincuenta dólares ($150.00) en multas por cumplimiento tardío con varios periodos.

Surge del referido *Informe* que, el 19 de octubre de 2011 el PEJC envió un *Aviso de Incumplimiento* otorgándole a cada uno de los profesionales del derecho allí mencionados un término de sesenta (60) días para tomar los cursos necesarios para subsanar la deficiencia de créditos y pagar las cuotas por cumplimiento tardío. Luego de transcurrir un periodo prudente para completar dichos requisitos, el 25 de febrero de 2014 el PEJC citó a una vista informal a aquellos abogados y abogadas que aún no habían cumplido. El licenciado Molinary Machado compareció a la misma. Así, luego de habérsele otorgado la oportunidad de ser oído y tiempo suficiente para cumplir, la Junta de Educación Jurídica Continua rindió el informe de rigor a este Tribunal.

En respuesta al referido *Informe*, el 30 de mayo de 2017 emitimos una *Resolución* en la cual le concedimos al licenciado Molinary Machado un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión legal por incumplir con los requisitos de educación jurídica continua. Dicha *Resolución* fue oportunamente notificada al referido letrado.

Debido al incumplimiento del licenciado Molinary Machado con dicha *Resolución*, el 4 de agosto de 2017 emitimos una segunda *Resolución* en la cual le otorgamos a éste un término final de diez (10) días para comparecer. Esta *Resolución* también fue notificada en tiempo al referido letrado.

En cumplimiento con dicha orden, el 18 de agosto de 2017 el licenciado Molinary Machado compareció ante nos mediante una *Moción en cumplimiento de orden,* en la cual nos informó que no había podido cumplir con los requisitos del PEJC puesto que tuvo que cuidar a su padre enfermo, quien posteriormente falleció. Además, acreditó el pago de las multas por cumplimiento tardío mediante giro postal de 17 de agosto de 2017 por la cantidad de ciento cincuenta dólares ($150.00). Asimismo, manifestó que había comenzado las gestiones de matrícula en varios cursos por lo que solicitó un término adicional para cumplir con los respectivos créditos.

Examinada la *Moción en cumplimiento de orden* presentada por el referido letrado, el 5 de septiembre de 2017 este Tribunal emitió otra *Resolución* en la cual se le concedió al licenciado Molinary Machado un término de sesenta (60) días para que éste cumpliese con los requisitos del PEJC y presentase la correspondiente certificación de cumplimiento. No obstante, éste no compareció.

Ante la falta de comparecencia del licenciado Molinary Machado, el 17 de abril de 2018 emitimos una cuarta *Resolución* concediéndole un término final de diez (10) días para cumplir con nuestra *Resolución* de 5 de septiembre de 2017. Dicha

*Resolución* también fue oportunamente notificada al referido letrado.

El 14 de mayo de 2018 el licenciado Molinary Machado compareció ante nos mediante una moción en la que presentó los correspondientes certificados de los cursos que ya había completado. No obstante, indicó que debido al paso del huracán María por el país -- lo cual le ocasionó una enorme pérdida económica -- aún se encontraba tomando los cursos necesarios para cubrir el resto de los créditos adeudados. Por ello, solicitó que se le permitiera culminar los respectivos cursos.

Así las cosas, el 23 de mayo de 2018 emitimos una nueva *Resolución* mediante la cual le concedimos al licenciado Molinary Machado un término de sesenta (60) días para culminar con los cursos que le restaban por tomar y presentar la correspondiente certificación del PEJC. Esta *Resolución*, al igual que las anteriores, fue notificada en tiempo al referido letrado.

En vista de que el letrado en cuestión no cumplió con la anterior *Resolución*, el 2 de agosto de 2018 le concedimos al licenciado Molinary Machado un término final de treinta (30) días para completar los cursos y certificar su cumplimiento. Asimismo, le apercibimos que su incumplimiento con dicha *Resolución* podría conllevar severas sanciones incluyendo la suspensión del ejercicio de la abogacía.

Enterado de lo anterior, el 17 de octubre de 2018 el referido letrado compareció ante este Tribunal mediante *Moción en cumplimiento de orden y solicitando término adicional* en

la que solicitó tiempo adicional para completar los cursos en línea que se encontraba tomando. Así, el 22 de febrero de 2019 este Tribunal emitió una nueva *Resolución* en la cual le concedimos al licenciado Molinary Machado un término final de treinta (30) días para culminar los cursos y acreditarlo a través de la correspondiente certificación del PEJC. Sin embargo, el letrado en cuestión incumplió nuevamente con las órdenes de este Tribunal.

En vista de que el licenciado Molinary Machado no cumplió con la anterior *Resolución*, el 31 de mayo de 2019 le concedimos quince (15) días para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía por su incumplimiento con los requisitos del PEJC.

El 17 de junio de 2019 el licenciado Molinary Machado presentó ante esta Curia una *Moción en cumplimiento de orden.* En la misma, incluyó copia de los certificados correspondientes a los cursos completados hasta el momento. **No obstante, transcurridos ya dos (2) años desde nuestra primera *Resolución* para que éste cumpliera con los requisitos del PEJC, solicitó nuevamente tiempo adicional para tomar el resto de éstos.**

**Al momento, y no empece a todas las oportunidades concedidas por este Tribunal, según surge de los récords del PEJC en lo referente al letrado en cuestión, éste aún no ha cumplido con los créditos correspondientes al periodo 2013-2016 y 2016-2019.**

Evaluado el expediente ante nuestra consideración procedemos a resolver.

## II.

### A.

Como es sabido, en aras de garantizar una representación legal adecuada a los ciudadanos y ciudadanas que acuden ante nuestros tribunales, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, exige a los abogados y las abogadas que practican en nuestra jurisdicción "lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Para viabilizar el cumplimiento con dicho deber, este Tribunal aprobó el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. Éste, en su Regla 29, 4 LPRA Ap. XVII-E § 29, le requiere a todos los abogados y las abogadas activas en Puerto Rico la aprobación de veinticuatro (24) horas crédito en cursos de educación jurídica continua en un periodo de tres (3) años.

En aquellas instancias en que un abogado o abogada incumple con los requisitos del PEJC, el mencionado Reglamento establece que se celebrará una vista informal con el letrado o la letrada en cuestión para que éste o ésta tenga la oportunidad de explicar las razones de su incumplimiento. *Íd.*, Regla 31. Si el o la profesional del

derecho no comparece a la vista, la Junta del PEJC deberá referir el asunto ante la consideración de este Tribunal. *Íd*. Véase, además, *In re Landrón Hernández*, 2019 TSPR 41; *In re Gómez Riefkohl*, 197 DPR 1093 (2017); *In re González Borgos*, 192 DPR 925 (2015).

Dicho ello, conviene recordar aquí que -- en el contexto del incumplimiento con los requisitos del PEJC -- hemos expresado que la desidia y dejadez ante los requerimientos de dicho programa representan un gasto de recursos administrativos, como también una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Cabán Arocho*, 2017 TSPR 104, 198 DPR 1112 (2017); *In re López Santos*, 194 DPR 960 (2016).

Así pues, en los casos que los abogados y las abogadas desatienden los requerimientos del PEJC e incumplen los requisitos de educación jurídica continua conforme a lo dispuesto en el Reglamento del PEJC, *supra*, este Tribunal se ha visto obligado a suspenderles indefinidamente. *In re Cabán Arocho*, supra; *In re Rodríguez Gerena*, 2017 TSPR 40, 197 DPR 1093 (2017); *In re Ortiz Soto*, 2016 TSPR 226, 196 DPR 1044 (2016).


B.

De otra parte, y por ser en extremo pertinente para la correcta disposición del proceso disciplinario ante nuestra consideración, conviene señalar también que el Canon 9 del

Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que el comportamiento de todo abogado y abogada ante los tribunales "se caracterice por el mayor respeto". *In re Landrón Hernández*, *supra*; *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re López Méndez*, 196 DPR 956 (2016). Conforme a lo anterior, en múltiples ocasiones hemos reiterado que los miembros de la profesión legal tienen el deber de responder las órdenes de este Tribunal con la mayor diligencia posible, en especial cuando se trata de procesos disciplinarios. *In re López Cordero*, 2018 TSPR 80, 200 DPR ___ (2018); *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, *supra*.

La desatención o el incumplimiento con las órdenes de los tribunales es una seria falta a la autoridad de los tribunales y, a su vez, constituye una transgresión al Canon 9 del Código de Ética Profesional, *supra. In re Landrón Hernández, supra*; *In re López Méndez, supra*; *In re Pestaña Segovia,* 192 DPR 485 (2015). Por tal razón, cuando un abogado o abogada ignora las órdenes de este Tribunal, procede su suspensión inmediata de la abogacía. *In re Landrón Hernández, supra*; *In re Pérez Román*, 191 DPR 186, 188 (2014); *In re Martínez Romero*, *supra*; *In re Arroyo Rivera*, 182 DPR 732, 735-736 (2011).

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer del proceso disciplinario ante nuestra consideración.

III.

Como mencionamos anteriormente, en el presente caso y en lo referente a los requisitos de educación jurídica continua, ha quedado claramente demostrado que el licenciado Molinary Machado ha incumplido con su obligación de mantenerse al día con los mismos. Al presente, tiene incumplidos los periodos 2013-2016 y 2016-2019. Ello, a pesar de las múltiples prórrogas y oportunidades que este Tribunal le ha concedido para cumplir con el Reglamento del PEJC.

Ahora bien, el letrado en cuestión no sólo ha incumplido con los requisitos de educación jurídica continua que se le exigen, sino que además ha desatendido las órdenes de este Tribunal en más de una instancia durante este proceso disciplinario.

Esa actitud de indiferencia a nuestras disposiciones reglamentarias y a las órdenes de este Tribunal no la podemos tolerar. Procede, pues, que el licenciado Molinary Machado sea suspendido inmediatamente del ejercicio de la abogacía y la notaría.

IV.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al licenciado Molinary Machado del ejercicio de la abogacía y la notaría.

Se le impone, además, el deber de notificar a todos sus clientes, si alguno, su inhabilidad para continuar representándolos, devolver cualesquiera honorarios

recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena, además, al Alguacil de este Tribunal incautar su obra notarial, incluyendo su sello notarial, y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. La fianza notarial del señor Rodríguez Cintrón queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Molinary Machado durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re:*

Roberto A. Molinary Machado                TS-12,401


SENTENCIA

En San Juan, Puerto Rico, a 1 de agosto de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al licenciado Molinary Machado inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Además, se le impone al señor Molinary Machado el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga asuntos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial del señor Molinary Machado queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Molinary Machado durante el periodo en que la misma estuvo presente.

Finalmente, se le ordena al Alguacil de este Tribunal incautar la obra y sello notarial del señor Molinary Machado y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              José Ignacio Campos Pérez
                            Secretario del Tribunal Supremo