EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Penny T. López Cordero | 2018 TSPR 80 <br><br> 200 DPR ____ |

Número del Caso: TS-8176

Fecha: 8 de mayo de 2018

Abogado de la promovida:

      Por derecho propio

Programa de Educación Jurídica Continua:

      Lcdo. José I. Campos Pérez
      Director

Materia: Conducta Profesional – La suspensión será efectiva el 10 de mayo de 2018, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Penny T. López Cordero               TS-8,176

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de mayo de 2018.

En el día de hoy, nuevamente nos vemos obligados a disciplinar a un miembro de nuestra profesión legal, por incumplir con las órdenes de este Tribunal. Veamos.

I.

La licenciada Penny López Cordero fue admitida al ejercicio de la abogacía el 10 de enero de 1986 y al ejercicio de la notaría el 1 de marzo de 1988.[1]

---

[1] Posteriormente, el 4 de agosto de 1989 la referida letrada presentó una carta de renuncia a la práctica de la notaría por incompatibilidad de funciones, al convertirse en Juez. Este Tribunal aceptó su renuncia mediante *Resolución* de 30 de noviembre de 1989, en la que también dio por terminada la fianza notarial de la abogada. Varios años después, tras la solicitud de readmisión al ejercicio del notariado presentada por la licenciada López Cordero, este Tribunal reactivó a la mencionada letrada a la práctica de la notaría por medio de *Resolución* emitida el 3 de noviembre de 1994. Luego, el 23 de abril de 1996, la referida letrada volvió a presentar una solicitud de cese de

Años después, el 15 de febrero de 2013, el Programa de Educación Jurídica Continua (PEJC), le envió a la licenciada López Cordero un *Aviso de incumplimiento* en el que le concedía a ésta un término de sesenta (60) días para subsanar su incumplimiento con los requisitos de educación jurídica continua y para pagar la multa por cumplimiento tardío, conforme a lo dispuesto por la Regla 30(C) del Reglamento del PEJC, *infra*. No obstante, la letrada no cumplió el referido requerimiento.

Por consiguiente, el 31 de octubre de 2014 el PEJC notificó a la licenciada López Cordero una citación a una vista informal a celebrarse el 4 de diciembre de 2014. En dicha comunicación, se le indicó a la mencionada letrada que, de no poder asistir presencialmente a la vista informal, podría presentar una comparecencia escrita dentro del término de diez (10) días de la notificación.

Así las cosas, la licenciada López Cordero compareció al PEJC mediante comunicación escrita, en la cual indicó que no había completado los créditos debido a razones económicas. No empece a ello, ésta pagó la cuota por cumplimiento tardío con los créditos de educación jurídica

---

la práctica de la notaría pues había solicitado readmisión a la notaría con desconocimiento de que sería nombrada como Juez municipal una semana después de presentada su solicitud de reactivación. El 19 de junio de 1996 este Tribunal autorizó el cese voluntario de la notaría por parte de la letrada. Así pues, culminada su labor como juez la licenciada López Cordero solicitó nuevamente readmisión al ejercicio de la notaría el 2 de marzo de 2000, la cual fue concedida el 26 de mayo de 2000, mediante *Resolución* emitida por este Tribunal.

continua y solicitó noventa (90) días para subsanar la deficiencia.

Presentado el *Informe del Oficial Examinador* y transcurrido un periodo prudente para el cumplimiento con los requisitos de educación jurídica continua, el Director del PEJC, el Lcdo. José Ignacio Campos Perez, emitió una determinación final de la cual se desprende que al 16 de septiembre de 2016 la licenciada López Cordero aún estaba en incumplimiento con el periodo de 2011-2012, por lo que su caso sería presentado a la Junta del Programa de Educación Jurídica Continua (en adelante "la Junta") para determinar si sería referido o no al Tribunal Supremo, conforme a lo dispuesto en la Regla 8(d)(2) del Reglamento del PEJC, *infra*. Asimismo, del mencionado *Informe* se desprende que la letrada en cuestión estaba en incumplimiento con los requisitos de educación jurídica continua para el periodo de 2013-2014 y que tampoco había pagado la multa por cumplimiento tardío de dicho periodo, de modo que podría ser citada a una vista informal respecto a ese periodo.

Llevada la conducta de la licenciada López Cordero ante la consideración de la Junta, ésta determinó referir el asunto a este Foro. Así pues, el 20 de abril de 2017 el Director Ejecutivo del PEJC, compareció ante nos mediante *Informe sobre incumplimiento con requisito de educación jurídica continua* con el fin de informarnos sobre varios profesionales del derecho que estaban en incumplimiento con

los requisitos de educación jurídica continua para el periodo del 1 de enero de 2011 al 31 de diciembre de 2012. Entre los abogados en incumplimiento se encontraba la licenciada López Cordero.

Evaluado el *Informe* presentado por el PEJC, el 30 de mayo de 2017, este Tribunal emitió una *Resolución* mediante la cual se le concedió a la referida letrada un término de veinte (20) días para mostrar causa por la que no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua. No obstante, la licenciada López Cordero no compareció ante nos.

Tras el referido incumplimiento, el Tribunal emitió una segunda *Resolución* en la que le concedió a ésta un término final de diez (10) días para comparecer y mostrar causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía. Dicha *Resolución,* según ordenado por este Tribunal, debía notificarse personalmente. No obstante, el 23 de agosto de 2017, la Oficina del Alguacil del Tribunal Supremo nos informó que se personaron a la dirección física de la licenciada López Cordero que surgía de su expediente, pero se encontraron con una residencia en la que no vivía nadie. Al momento, la letrada aún no ha comparecido ante nos.

Es, pues, a la luz del marco fáctico y procesal antes expuesto, que procedemos a resolver el asunto que nos ocupa.

II.

A.

Como es sabido, todo abogado y abogada tiene el deber ineludible de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". 4 LPRA Ap. IX, C. 2. En virtud de dicho deber impuesto por nuestro ordenamiento deontológico, este Tribunal formuló el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. El mismo exige a los abogados y las abogadas activos en Puerto Rico la aprobación de veinticuatro (24) horas crédito en cursos de educación jurídica continua en un periodo de tres (3) años. *Íd.,* Regla 30.

Cónsono con ello, y conforme lo exige la mencionada disposición reglamentaria, en aquellas instancias en que un abogado o abogada incumple con los requisitos del PEJC, será necesario celebrar una vista informal con él o la profesional del derecho en cuestión para que éste o ésta tenga la oportunidad de explicar las razones de su incumplimiento. *Íd.,* Regla 32. De no comparecer a la vista, la Junta del PEJC tiene el deber de remitir el asunto ante la consideración de esta Curia. *Íd. Véase,* además, *In re Gómez Riefkohl,* 2017 TSPR 41, 197 DPR __ (2017); *In re González Borgos,* 192 DPR 925 (2015); *In re López González,*

2015 TSPR 107, 193 DPR 1021 (2015); *In re Luis Paisán*, 190 DPR 1 (2014).

                                B.

De otra parte, pero por ser en extremo pertinente al proceso disciplinario que nos ocupa, conviene señalar también que el Canon 9 de nuestro Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que el comportamiento de todo abogado y abogada se caracterice por el mayor respeto hacia los tribunales. *In re Cruz Liciaga*, *supra*; *In re López Méndez*, 196 DPR 956 (2016); *In re Montalvo Delgado*, 196 DPR 541 (2016); *In re Torres Rodríguez,* 188 DPR 304 (2013). De conformidad con lo anterior, en numerosas ocasiones, hemos sentenciado que el alcance del referido Canon 9 incluye el deber de los miembros de la profesión legal de responder las órdenes de este Tribunal con la mayor diligencia, en especial cuando se trata de procesos disciplinarios. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, *supra*; *In re Martínez Romero*, 188 DPR 511 (2013); *In re Lugo Cruz*, 188 DPR 112 (2013).

La desatención o el incumplimiento con las órdenes de los tribunales constituye un serio agravio a la autoridad de los tribunales y, a su vez, una infracción al Canon 9 del Código de Ética Profesional, *supra. In re López Méndez, supra; In re Pestaña Segovia, supra; In re García Incera,* 177 DPR 329 (2010); *In re Maldonado Rivera,* 147 DPR 380 (1999). Es por ello que, cuando un abogado o abogada

ignora las órdenes de este Tribunal, procede su suspensión inmediata de la abogacía. *In re Pérez Román*, 191 DPR 186, 188 (2014); *In re Martínez Romero*, *supra*; *In re Arroyo Rivera*, 182 DPR 732, 735-736 (2011); *In re Montalvo Guzmán*, *supra*.

Expuesta la normativa pertinente al proceso disciplinario ante nos, procedemos a resolver.

### III.

En el presente caso, como ha quedado claramente demostrado, la licenciada López Cordero incumplió con los requisitos del PEJC para los periodos 2011-2012 y 2012-2013. En vista de ello, este Tribunal emitió varias *Resoluciones* para que la referida letrada mostrara causa por la que no debíamos suspenderla de la práctica de la abogacía por su incumplimiento con los requerimientos del PEJC.

No empece a las oportunidades concedidas, la licenciada López Cordero ha mostrado total indiferencia a las *Resoluciones* emitidas por este Tribunal, y ha optado por no cumplir las mismas. Con su conducta displicente, la referida letrada demuestra un total desinterés en ejercer la profesión de la abogacía. Procede, pues, su suspensión inmediata e indefinida de la misma.

### IV.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente a la licenciada López Cordero del ejercicio de la abogacía y la notaría.

Se le impone a la señora López Cordero el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, la fianza notarial de la señora López Cordero queda automáticamente cancelada; la misma se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por ésta durante el periodo en que dicha fianza estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Penny T. López Cordero                    TS-8,176

SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a la licenciada Penny T. López Cordero del ejercicio de la abogacía y la notaría.

Se le impone a la señora López Cordero el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, la fianza notarial de la señora López Cordero queda automáticamente cancelada; la misma se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por ésta durante el periodo en que dicha fianza estuvo vigente.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo de Puerto Rico. La Juez Presidenta Interina señora Rodríguez Rodríguez no interviene. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo