EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Jorge Carlos Venegas Martínez | 2021 TSPR 28  206 DPR _____ |
|---|---|

Número del Caso:  TS-19,203

Fecha:  4 de marzo de 2021

Sr. Jorge Carlos Venegas Martínez:

    Por derecho propio

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Materia:  La suspensión será efectiva el 17 de marzo de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Jorge Carlos Venegas Martínez       TS-19,203

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 4 de marzo de 2021.

Nuevamente nos vemos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a un miembro de la profesión legal, por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.  Veamos:

I

El Lcdo. Jorge Carlos Venegas Martínez (licenciado Venegas Martínez o notario) fue admitido al ejercicio de la abogacía el 11 de febrero de 2013 y prestó juramento como notario el 17 de junio de 2013.

Con el fin de acordar una fecha hábil para examinar la obra protocolar autorizada por el licenciado

Venegas Martínez durante el año natural 2013 al presente, la Lcda. Ana Cristina Díaz Velasco, Inspectora de Protocolos y Notarías destacada en la Región Judicial de San Juan (inspectora de notarías), realizó varias llamadas telefónicas a los números registrados a nombre del licenciado Venegas Martínez en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA), así como en el expediente de dicho notario.  No obstante, tales esfuerzos resultaron infructuosos.

Así las cosas, el 16 de septiembre de 2019 la Directora Auxiliar de la ODIN, la Lcda. Nilda Emmanuelli Muñiz (licenciada Emmanuelli Muñiz), remitió al licenciado Venegas Martínez una comunicación formal vía correo electrónico en la cual le informó que la inspectora de notarías visitaría su sede notarial el 1 de octubre de 2019 a las 9:30 a.m.  Ello, con el fin de inspeccionar su obra protocolar y cotejar los *Informes de actividad notarial mensual*, así como los *Informes estadísticos de actividad notarial anual*.  Más adelante, el 30 de septiembre de 2019, la inspectora de notarías remitió un segundo correo electrónico al licenciado Venegas Martínez para recordarle que la inspección programada comenzaría al día siguiente.

A pesar de lo anterior, llegada la fecha pautada, la inspectora de notarías se personó a la sede notarial del licenciado Venegas Martínez, en donde el padre de este último, el Lcdo. Jorge C. Venegas Hudder (licenciado

Venegas Hudder), le indicó que ni su hijo ni la obra notarial de éste se encontraban allí. Ante ese escenario, y luego de intentar contactar al notario por la vía telefónica sin éxito, la inspectora de notarías le solicitó al licenciado Venegas Hudder que le requiriera a su hijo comunicarse con ella a la brevedad posible. La inspectora de notarías envió, además, un correo electrónico al licenciado Venegas Martínez e intentó comunicarse con éste en repetidas ocasiones al número telefónico que aparece registrado a nombre del notario en el RUA, pero sus esfuerzos no rindieron frutos. El último correo electrónico remitido por la inspectora de notarías al licenciado Venegas Martínez fue enviado el 4 de diciembre de 2019.

De otro lado, como parte de una auditoría realizada por la Unidad de Informes Notariales adscrita al Registro General de Competencias Notariales (Registro), el 22 de mayo de 2017, el Lcdo. Manuel E. Ávila De Jesús (Director de la ODIN o licenciado Ávila De Jesús) envió al notario una comunicación por correo ordinario -adelantada por correo electrónico- en la que le notificó que, a esa fecha, adeudaba un total de veintidós (22) *Informes de actividad notarial mensual* correspondientes a los meses de: junio a diciembre de 2015; enero a diciembre de 2016 y enero a marzo de 2017, inclusive. Asimismo, le indicó que no había presentado los *Informes estadísticos de actividad notarial anual* para los años naturales 2015 y 2016,

inclusive. En dicha comunicación se orientó al licenciado Venegas Martínez sobre el derecho aplicable, la gravedad de la conducta desplegada y las consecuencias que la misma podría acarrear. A su vez, se le concedió un término de diez (10) días, contado a partir del recibo de esa comunicación, para presentar todos los documentos adeudados y expresar las razones de su reiterado incumplimiento con la presentación de los *Informes de actividad notarial mensual*, así como de los *Informes estadísticos de actividad notarial anual*. Además, el licenciado Venegas Martínez fue advertido del curso de acción a seguir, el cual dependería de la comunicación del notario y podría incluir el tener que acudir ante este Foro mediante la presentación del informe correspondiente. Finalmente, se le recordó al notario que los requerimientos efectuados por la ODIN son análogos a los realizados por este Tribunal y que ignorar los mismos constituye una falta ética que podría conllevar la imposición de sanciones disciplinarias severas.

El 6 de junio de 2017, el licenciado Venegas Martínez remitió un correo electrónico a la Subjefa del Registro, la Lcda. Danira Muñiz Flores (licenciada Muñiz Flores), por medio del cual solicitó una prórroga para cumplir con el requerimiento cursado por la ODIN. En respuesta, se le concedió al notario un término adicional de diez (10) días calendarios para cumplir con lo requerido. A pesar de la

prórroga concedida, el licenciado Venegas Martínez incumplió con el referido requerimiento.

Posteriormente, el 22 de agosto de 2017, el notario acudió a la ODIN en donde se reunió con la licenciada Muñiz Flores. En esa ocasión, solicitó una oportunidad para presentar los documentos adeudados y para iniciar el proceso de cesación voluntaria del ejercicio de la notaría. Al día siguiente, la licenciada Muñiz Flores envió un correo electrónico al notario, en el cual le suministró la información requerida para encaminar el proceso de cesación voluntaria del ejercicio de la notaría y le proveyó un término de tres (3) días -el cual vencía el 25 de agosto de 2017- para presentar los informes adeudados y una carta en la que explicara las razones de su incumplimiento. Asimismo, programó una cita para el viernes, 1 de septiembre de 2017, a las 10:00 a.m. en la ODIN, en donde habría de entregar la totalidad de la obra protocolar bajo su custodia y los documentos necesarios para encaminar el proceso de cesación voluntaria del ejercicio de la notaría. No obstante, en horas de la mañana de la fecha acordada, el licenciado Venegas Martínez se comunicó con la licenciada Muñiz Flores para indicarle que no podría presentar la totalidad de los informes adeudados y le solicitó un término adicional para entregar los informes restantes. Luego de indicársele que no se le concedería la prórroga solicitada, el notario se comprometió a presentar la totalidad de los informes en la

fecha pactada. Sin embargo, nuevamente, el licenciado Venegas Martínez incumplió con los requerimientos cursados por la ODIN.

Ante la desatención del licenciado Venegas Martínez con los requerimientos que le fueron cursados, el 22 de enero de 2021 el licenciado Ávila De Jesús presentó ante este Tribunal una *Solicitud urgente de incautación de obra notarial y en solicitud de remedios* en la cual, luego de relatar los hechos ya señalados, esbozó que, al presente, y por razones exclusivamente atribuibles al notario, la obra protocolar del licenciado Venegas Martínez no había podido ser inspeccionada. Además, puntualizó que, de acuerdo con una *Certificación* emitida por la licenciada Muñiz Flores, al 21 de enero de 2021, el notario adeudaba los *Informes de actividad notarial mensual* de mayo de 2015 al presente, así como los *Informes estadísticos de actividad notarial anual* de los años 2015 al presente. Por último, manifestó que, del expediente del notario custodiado por la ODIN, no surge evidencia de que el licenciado Venegas Martínez cuente con una fianza notarial que garantice su función notarial desde mayo de 2014 hasta mayo de 2021, inclusive. Conforme a lo expuesto, el Director de la ODIN recomendó a este Tribunal ordenar la incautación preventiva de la obra protocolar y el sello notarial del licenciado Venegas Martínez. De igual manera, solicitó, entre otras cosas, que -una vez el notario expusiera sus razones- evaluáramos si procedía su

suspensión inmediata e indefinida del ejercicio de la notaría.

El 27 de enero de 2021 emitimos una *Resolución* en la que ordenamos la incautación de la obra notarial del licenciado Venegas Martínez, incluyendo su sello notarial, y su entrega a la ODIN para el correspondiente examen e informe. A su vez, concedimos al licenciado Venegas Martínez un término de diez (10) días, contado a partir de la notificación de dicha *Resolución*, para que mostrara causa por la cual no debía ser suspendido de la práctica de la notaría por su reiterado incumplimiento con los requerimientos de la ODIN. Igualmente, el notario fue apercibido de que, de no comparecer en el referido término, se exponía a la imposición de sanciones disciplinarias severas, incluyendo la separación del ejercicio de la abogacía y de la notaría.

A pesar de habérsele notificado personalmente la *Resolución* arriba indicada y de haber sido apercibido de las consecuencias que su incumplimiento podría acarrear, el licenciado Venegas Martínez no compareció dentro del término provisto.

Por su parte, el 24 de febrero de 2021, el Director de la ODIN compareció ante este Tribunal mediante un *Informe sobre el estado de la obra protocolar incautada* (Informe), en el cual expuso que la obra notarial del licenciado Venegas Martínez fue incautada preventivamente por el Alguacil de este Tribunal el 28 de enero de 2021.

Puntualizó que el sello notarial del licenciado Venegas Martínez no pudo ser incautado. Asimismo, manifestó que, debido a que la obra protocolar del notario no había podido ser examinada, los instrumentos públicos que fueron parcialmente recuperados ya fueron entregados y depositados en el Archivo Notarial de San Juan. El licenciado Ávila De Jesús indicó también que, conforme surge del examen de la obra protocolar del licenciado Venegas Martínez realizado por la inspectora de notarías, la obra notarial incautada consta de: dos (2) instrumentos públicos sueltos autorizados en el año 2016; dos (2) instrumentos públicos sueltos autorizados en el año 2017; un (1) instrumento público suelto autorizado en el año 2019; un (1) instrumento público suelto autorizado en el año 2020, así como un (1) solo volumen del Libro de Registro de Testimonios (asientos número uno al número 88). En cuanto a la obra protocolar autorizada y no incautada, el Director de la ODIN la desglosó de la siguiente forma: un (1) instrumento público autorizado en el año 2013; once (11) instrumentos públicos autorizados en el año 2014; al menos un (1) instrumento público autorizado en el año 2015; un (1) instrumento público adicional autorizado en el año 2016; siete (7) instrumentos públicos adicionales autorizados en el año 2017; así como aquellos instrumentos públicos adicionales que pueda haber autorizado el notario en los años 2018, 2019 y 2020. Con relación a estos últimos instrumentos,

la ODIN afirmó no tener certeza de la obra protocolar autorizada por el notario desde abril de 2015 al presente, por éste adeudar los *Informes de actividad notarial mensual* de mayo de 2015 en adelante, así como los *Informes estadísticos de actividad notarial anual* desde el año 2015 al 2020, inclusive.

El licenciado Ávila De Jesús hizo formar parte integral del Informe un *Informe de señalamientos del notario Jorge Carlos Venegas Martínez*, preparado por la inspectora de notarías, del cual destacó -entre otras- las siguientes deficiencias encontradas en la obra protocolar, a saber: falta de encuadernación, índice, numeración, notas de apertura y notas de cierre en todos los años que comprende la obra notarial examinada; falta de cancelación de sellos de rentas internas, sellos de impuesto notarial y sellos a favor de la Sociedad para la Asistencia Legal (SAL) en los instrumentos públicos otorgados, estando la deuda preliminarmente estimada en la cantidad de dos dólares ($2.00); errores en múltiples *Poderes duraderos* que deben ser ratificados, e instrumentos públicos extraviados. Con relación al Libro de Registro de Testimonios, resaltó los siguientes señalamientos: omisión de cancelar los correspondientes sellos a favor de la SAL en varios asientos de los volúmenes del Libro de Registro Testimonios, estimándose preliminarmente la deuda arancelaria en $330.00; omisión del notario de registrar

aproximadamente 62 asientos legitimados desde el 18 de septiembre de 2014 hasta el        27 de abril de 2015.

De conformidad con lo expuesto, el licenciado Ávila De Jesús recomendó -entre otros remedios- que concedamos al notario un término de sesenta (60) días calendarios para que haga entrega de la obra protocolar no incautada o, en la alternativa, inicie el proceso para su reconstrucción; haga entrega de su sello notarial; encamine el proceso de subsanación de la obra protocolar incautada; presente ante la ODIN los *Informes de actividad notarial mensual* y los *Informes de actividad notarial anual* adeudados, así como evidencia acreditativa del pago de su fianza notarial para el periodo del 11 de febrero de 2015 al 11 de febrero de 2021, inclusive.

Concluido el resumen fáctico, procedemos a exponer el derecho aplicable a los hechos ante nuestra consideración.

II

Este Tribunal tiene la obligación de asegurarse de que todos los abogados admitidos a ejercer la profesión legal lleven a cabo sus funciones como abogados y como notarios responsable, competente y diligentemente. In re Bermúdez Tejero, 2021 TSPR 8, 205 DPR ___ (2021); In re Rosa Rivera, 2020 TSPR 132, 205 DPR ___ (2020); In re Lewis Maymó, 2020 TSPR 118, 204 DPR ___ (2020).

En lo que respecta a la práctica de la notaría, hemos expresado que ésta exige un alto grado de cuidado, diligencia y esmero, así como el cumplimiento estricto del

ordenamiento notarial y de los cánones del Código de Ética Profesional. In re Salas González, 193 DPR 387, 391 (2015). En ese sentido, hemos indicado que "[c]uando un notario se aparta de la normativa previamente expuesta se expone a la acción disciplinaria correspondiente, no sólo en el ámbito notarial, sino también como abogado". Íd.

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, establece que todos los miembros de la profesión legal deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". In re Bermúdez Tejero, *supra*; In re Cintrón Rodríguez, 2020 TSPR 115, 205 DPR ___ (2020); In re Torres Acevedo, 2020 TSPR 108, 205 DPR ___ (2020). De conformidad con ese mandato, este Tribunal ha manifestado reiteradamente que todos los abogados tienen el ineludible deber de cumplir pronta y diligentemente con las órdenes de este Foro, especialmente cuando se trata de procesos disciplinarios. In re Bermúdez Tejero, *supra*; In re Cintrón Rodríguez, *supra*; In re López Cordero, 2018 TSPR 80, 200 DPR ___ (2018). Dicho deber se extiende a los requerimientos hechos por la Oficina de Inspección de Notarías. In re Cintrón Rodríguez, *supra*; In re López Pérez, 201 DPR 123, 126 (2018); In re Arocho Cruz, 200 DPR 352, 361 (2018). Indudablemente, la desatención de nuestras órdenes por parte de los letrados representa una afrenta a la autoridad de los tribunales, lo que constituye una infracción al Canon 9 del Código de Ética Profesional,

*supra*, y es suficiente para decretar la separación inmediata e indefinida de la profesión. In re López Pérez, *supra*, pág. 126; In re Canales Pacheco, 200 DPR 228, 233 (2018).

### III

De los hechos expuestos se puede colegir que el licenciado Venegas Martínez ha desatendido los requerimientos cursados por la ODIN, así como las órdenes emitidas por este Tribunal, aun cuando fue apercibido de las consecuencias que su incumplimiento podría acarrear.

Ciertamente, la desidia y la falta de diligencia exhibida por el notario ante los requerimientos de la ODIN y las órdenes de este Tribunal refleja una actitud de menosprecio e indiferencia a nuestra autoridad y, por consiguiente, constituye una infracción a lo dispuesto en el Canon 9 del Código de Ética Profesional, *supra*. Ello resulta ser suficiente para decretar la suspensión inmediata e indefinida del licenciado Venegas Martínez de la práctica de la profesión legal.

A tono con lo anterior, en virtud de nuestro poder inherente de reglamentar la abogacía, suspendemos inmediata e indefinidamente al licenciado Venegas Martínez del ejercicio de la profesión legal.

### IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del licenciado Venegas Martínez del ejercicio de la abogacía y la notaría.

El señor Venegas Martínez deberá notificar inmediatamente a todos sus clientes su inhabilidad para continuar representándolos. Asimismo, deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Igualmente, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en un futuro.

De igual forma, se ordena al señor Venegas Martínez, en el término de sesenta (60) días, hacer entrega a la ODIN de su sello notarial; subsanar la obra protocolar que se encuentra bajo la custodia de la ODIN, y presentar ante la ODIN evidencia acreditativa del pago de su fianza notarial para el periodo del 11 de febrero de 2015 al 11 de febrero de 2021, inclusive. Advertimos al señor Venegas Martínez que su incumplimiento con este dictamen conllevará que sea referido ante el Tribunal de Primera Instancia para que se inicie un proceso de desacato en su contra.

Finalmente, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Venegas Martínez, si alguna, queda automáticamente cancelada.

Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Jorge Carlos Venegas Martínez       TS-19,203

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 4 de marzo de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Jorge Carlos Venegas Martínez del ejercicio de la abogacía y la notaría.

Le ordenamos notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en un futuro.

De igual forma, se ordena al señor Venegas Martínez, en el término de sesenta (60) días, hacer entrega a la ODIN de su sello notarial; subsanar la obra protocolar que se encuentra bajo la custodia de la ODIN, y presentar ante la ODIN evidencia

acreditativa del pago de su fianza notarial para el periodo del 11 de febrero de 2015 al 11 de febrero de 2021, inclusive. Advertimos al señor Venegas Martínez que su incumplimiento con este dictamen conllevará que sea referido ante el Tribunal de Primera Instancia para que se inicie un proceso de desacato en su contra.

Finalmente, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Venegas Martínez, si alguna, queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                        José Ignacio Campos Pérez
                                        Secretario del Tribunal Supremo