EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Marcelle D. Martell Jovet | 2021 TSPR 117 <br><br> 207 DPR _____ |

Número del Caso:  TS-10,273


Fecha:  3 de agosto de 2021


Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelli González
    Directora Ejecutiva


Abogada de la Sra. Marcelle D. Martell Jovet:

    Por Derecho propio




Materia: La suspensión será efectiva el 4 de agosto de 2021, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Marcelle D. Martell Jovet          TS-10,273

*PER CURIAM*

En San Juan, Puerto Rico, a 3 de agosto de 2021.

Una vez más nos vemos obligados a suspender inmediata e indefinidamente a un integrante de la profesión legal que ha incumplido con las órdenes de este Tribunal y con los requerimientos del Programa de Educación Jurídica Continua (en adelante, "PEJC"). Veamos.

I.

La licenciada Marcelle D. Martell Jovet (en adelante, "licenciada Martell Jovet") fue admitida al ejercicio de la abogacía el 31 de julio de 1992 y prestó juramento como notaria el 27 de febrero de 1997.

El 13 de diciembre de 2018, el Programa de Educación Jurídica Continua (en adelante, "PEJC"),

presentó un *Informe sobre incumplimiento con requisitos de educación jurídica continua* en el cual le notificó a este Tribunal sobre aquellos profesionales del derecho que no habían cumplido dichos requisitos durante el periodo del 1 de agosto de 2011 al 31 de julio de 2013, entre los cuales se encontraba la licenciada Martell Jovet. Según se indica en dicho *Informe*, la letrada en cuestión también adeudaba la cantidad de cincuenta dólares ($50.00) en multa por cumplimiento tardío así como cien dólares ($100.00) por referido a este Tribunal.

Así pues, surge del referido *Informe* que el PEJC envió un Aviso de Incumplimiento otorgándole a cada uno de los profesionales del derecho allí mencionados un término de sesenta (60) días para tomar los cursos necesarios a los fines de subsanar la deficiencia de créditos, así como para pagar las cuotas por cumplimiento tardío. Luego de transcurrir un periodo prudente para completar dichos requisitos -- durante el cual se les otorgó a los letrados la oportunidad de expresarse sobre el particular -- el PEJC rindió el informe de rigor a este Tribunal.

En respuesta al referido *Informe*, el 9 de enero de 2019 dictamos una *Resolución* en la cual le concedimos a la licenciada Martell Jovet un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía. Esto, por incumplir con los

requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando así le fue requerido.

En vista del incumplimiento de la licenciada Martell Jovet con la orden anterior, el 3 de mayo de 2019 emitimos una segunda *Resolución* en la que le otorgamos un término final de diez (10) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión legal, debido a su incumplimiento con el PEJC. Esta *Resolución* fue notificada en tiempo a la referida letrada.

En cumplimiento con dicha orden, el 3 de junio de 2019 la licenciada Martell Jovet compareció ante nos mediante *Moción urgente en cumplimiento de orden*. A través de esta última, acreditó haber remitido el pago de cincuenta dólares ($50.00) que adeudaba al PEJC en concepto de multa por cumplimiento tardío. Además, nos informó que estaba atravesando una situación económica difícil, pero que estaba realizando gestiones para tomar los créditos de educación continua que tenía pendiente.

Examinada la *Moción urgente en cumplimiento de orden* presentada por la mencionada letrada, el 24 de junio de 2019 este Tribunal emitió una subsiguiente *Resolución*, en la que concedimos un término de sesenta (60) días para que la licenciada Martell Jovet cumpliera con todos los requisitos del PEJC y para que presentara la correspondiente certificación de cumplimiento. No obstante, esta última incumplió.

Transcurrido dicho término sin que la licenciada Martell Jovet compareciera, esta Curia dictó una cuarta *Resolución* otorgándole un término final e improrrogable de veinte (20) días para cumplir con nuestras órdenes. Asimismo, le apercibimos que su incumplimiento podría conllevar severas sanciones incluyendo la suspensión del ejercicio de la profesión de la abogacía.

Tras una subsiguiente oportunidad para cumplir con los requisitos del PEJC, el 14 de septiembre de 2020 la licenciada Martell Jovet compareció ante nos a través de una *Moción en cumplimiento parcial de orden*. En ella, esta última informó que aún se encontraba tomando cursos de educación jurídica continua, por lo que solicitó un último término de treinta (30) días para finiquitar los asuntos relativos al PEJC.

Así las cosas, el 29 de enero de 2021 dictamos una nueva *Resolución* a través de la cual le concedimos a la licenciada Martell Jovet un término final de sesenta (60) días para cumplir con los requerimientos del PEJC y que así lo acreditara a esta Curia. Esta *Resolución*, al igual que las anteriores, fue notificada en tiempo a la mencionada letrada.

No empece al sinnúmero de oportunidades que este Tribunal le otorgó a la licenciada Martell Jovet, el 26 de abril de 2021 el PEJC nos remitió una certificación informándonos que la referida letrada aún tenía descubiertos los periodos de cumplimiento correspondientes

a los años 2013-2016 y 2016-2019. De igual forma, el PEJC nos notificó que esta última adeudaba ciento cincuenta dólares ($150.00) correspondientes a una multa por cumplimiento tardío con el periodo 2016-2019, así como por referido a este Tribunal.

Tras evaluar lo anterior, le concedimos a la licenciada Martell Jovet una última oportunidad para cumplir con los requerimientos del PEJC y pagar las multas adeudadas. A esos fines, le otorgamos un término final e improrrogable de treinta (30) días. En dicha ocasión, le apercibimos que su incumplimiento podría conllevar la imposición de severas sanciones, incluyendo la suspensión de la profesión legal. Una vez más, la referida letrada incumplió con nuestra orden.

Al momento, y a pesar de todas las oportunidades concedidas por este Foro, según surge de los récords del PEJC en lo referente a la letrada en cuestión, ésta todavía no ha cumplido con los créditos correspondientes a los periodos 2013-2016 y 2016-2019. Del mismo modo, la licenciada Martell Jovet adeuda un total de ciento cincuenta dólares ($150.00) en concepto de multa y referido a esta Curia.

Es, pues, a la luz de los hechos antes expuestos que procedemos a disponer del presente proceso disciplinario.

II.

A.

Como es sabido, en aras de garantizar una representación legal adecuada a los ciudadanos y ciudadanas que acuden ante nuestros tribunales, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, exige a los abogados y las abogadas que practican en nuestra jurisdicción "lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".

A tenor con lo anterior, y para viabilizar el cumplimiento con el deber antes mencionado, este Tribunal aprobó el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado. La Regla 29, 4 LPRA Ap. XVII-E § 29, de dicho cuerpo reglamentario requiere que todo miembro activo de la profesión legal apruebe veinticuatro (24) horas crédito en cursos de educación jurídica continua en un lapso de tres (3) años.

Dicho ello, conviene recordar aquí que -- en el contexto del incumplimiento con los requisitos del PEJC -- hemos expresado que la desidia y dejadez ante los requerimientos de dicho programa representan un gasto de recursos administrativos, como también una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Cabán Arocho*, 198 DPR 1112 (2017); *In re López Santos*, 194

DPR 960 (2016). Véase, *In re Molinary Machado*, 2019 TSPR 142, 203 DPR ___ (2019).

Así pues, en los casos que los abogados y las abogadas desatienden los requerimientos del PEJC e incumplen los requisitos de educación jurídica continua conforme a lo dispuesto en el Reglamento del PEJC, *supra*, este Tribunal se ha visto obligado a suspenderles indefinidamente. *In re Molinary Machado*, *supra*; *In re Cabán Arocho*, *supra; In re Rodríguez Gerena*, 2017 TSPR 40, 197 DPR 1093 (2017).

B.

De otra parte, y por ser en extremo pertinente para la correcta disposición del proceso disciplinario ante nuestra consideración, conviene señalar también que el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que el comportamiento de todo abogado y abogada ante los tribunales "se caracterice por el mayor respeto". *In re Landrón Hernández*, 2019 TSPR 41, 201 DPR ___ (2019); *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re López Méndez*, 196 DPR 956 (2016). Conforme a lo anterior, en múltiples ocasiones hemos reiterado que los y las integrantes de la profesión legal tienen el deber de responder las órdenes de este Tribunal con la mayor diligencia posible, en especial cuando se trata de procesos disciplinarios. *In re López Cordero*, 2018 TSPR 80, 200 DPR ___ (2018); *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014).

La desatención o el incumplimiento con las órdenes de los tribunales es una seria falta a la autoridad de éstos y, a su vez, constituye una transgresión al Canon 9 del Código de Ética Profesional, *supra*. *In re Landrón Hernández, supra*; *In re López Méndez, supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015). Por tal razón, cuando un abogado o abogada ignora las órdenes de este Tribunal, procede su suspensión inmediata de la abogacía. *In re Landrón Hernández, supra*; *In re Pérez Román*, 191 DPR 186, 188 (2014); *In re Arroyo Rivera*, 182 DPR 732 (2011).

## II.

Como se puede colegir de los hechos antes expuestos, y en lo referente a los requisitos de educación jurídica continua, ha quedado claramente demostrado que la licenciada Martell Jovet ha incumplido con su obligación de mantenerse al día con los mismos. No empece a las múltiples oportunidades y prórrogas que este Tribunal le ha concedido para cumplir con los requerimientos del PEJC, al presente, ésta tiene incumplidos los periodos 2013-2016 y 2016-2019 y adeuda ciento cincuenta dólares ($150.00) en concepto de multa por cumplimiento tardío y por referido del Programa ante este Foro.

La licenciada Martell Jovet no solo ha incumplido con los requisitos antes mencionados, sino que además ha desatendido las órdenes de esta Curia en más de una instancia durante este proceso disciplinario. Tal conducta, a todas

luces, demuestra falta de interés para continuar ejerciendo la profesión legal.

En vista de ello, y considerando que esta no ha dado fiel cumplimiento a los requerimientos del PEJC ni a lo ordenado por este Foro -- a pesar del sinnúmero de oportunidades provistas para ello -- procede su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

III.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente a la licenciada Martell Jovet del ejercicio de la abogacía y notaría.

En consecuencia, se le impone a la señora Martell Jovet el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial de la señora Martell Jovet queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la referida letrada durante el periodo en que la misma estuvo vigente.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial de la señora Martell Jovet y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a la señora Martell Jovet. El recibo de dicha notificación será confirmado por vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:
 Marcelle D. Martell Jovet

TS-10,273

SENTENCIA

En San Juan, Puerto Rico, a 3 de agosto de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende a la Lcda. Marcelle D. Martell Jovet inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le ordena a la licenciada Martell Jovet el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial de la señora Martell Jovet queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la señora Martell Jovet durante el periodo en que la misma estuvo vigente.

Por último, se le ordena al Alguacil de este Tribunal incautar la obra y sello notarial de la señora Martell Jovet y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) a la señora Martell Jovet. El recibo de dicha notificación será confirmado por vía telefónica.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Feliberti Cintrón no intervino.


Bettina Zeno González
Secretaria del Tribunal Supremo Interina