EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Luis M. Pavía Vidal | 2021 TSPR 147<br><br>208 DPR _____ |

Número del Caso:  TS-14,805


Fecha:  9 de noviembre de 2021


Abogado del Sr. Luis M. Pavía Vidal:

   Por derecho propio


Programa de Educación Jurídica Continua:

   Lcda. María C. Molinelli González
   Directora Ejecutiva


Materia:  La suspensión será efectiva el 9 de noviembre de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Luis M. Pavía Vidal                    TS-14,805

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 9 de noviembre de 2021.

Nuevamente nos vemos en la obligación de ejercer nuestra facultad disciplinaria para suspender inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a un miembro de la profesión legal, por incumplir con los requerimientos del Programa de Educación Jurídica Continua (PEJC o Programa) y con las órdenes de este Tribunal. Veamos.

I

El Lcdo. Luis M. Pavía Vidal (licenciado Pavía Vidal o letrado) fue admitido al ejercicio de la abogacía el 26 de enero de 2004 y prestó juramento como notario el 28 de julio de 2004.

El 28 de junio de 2019 la Directora Ejecutiva del PEJC, Lcda. María Cecilia Molinelli González

(licenciada Molinelli González o Directora Ejecutiva del PEJC), presentó ante este Tribunal un *Informe sobre incumplimiento con el requisito de educación jurídica continua* (Informe), mediante el cual expuso que el licenciado Pavía Vidal no había completado los créditos de educación jurídica continua requeridos para el periodo del 1 de abril de 2015 al 31 de marzo de 2018. Sostuvo que el Programa le envió al letrado un *Aviso de Incumplimiento* por medio del cual le concedió un término de treinta (30) días para justificar su cumplimiento tardío, así como un término de sesenta (60) días para subsanar su incumplimiento y pagar una multa por cumplimiento tardío, según dispuesta en la Regla 30 del Reglamento del PEJC, 4 LPRA Ap. XVII-F. La Directora Ejecutiva del PEJC manifestó que, a pesar de las oportunidades ofrecidas, el licenciado Pavía Vidal no había cumplido con los requisitos reglamentarios de educación jurídica continua para el periodo señalado. Finalmente, la licenciada Molinelli González expresó su preocupación ante la actitud de desidia exhibida por el licenciado Pavía Vidal al desaprovechar las oportunidades que le fueron concedidas para subsanar su incumplimiento.

El 8 de agosto de 2019 emitimos una *Resolución* en la que tomamos conocimiento de lo informado por la licenciada Molinelli González y le concedimos al letrado un término de veinte (20) días para que compareciera ante este Tribunal y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por su incumplimiento con los

requisitos de educación jurídica continua y por no haber comparecido ante el PEJC cuando le fue requerido. Además, advertimos al licenciado Pavía Vidal que su incumplimiento con dicha *Resolución* podía acarrear sanciones severas, incluyendo la suspensión del ejercicio de la profesión legal. A pesar de ello, el letrado no compareció dentro del término provisto.

Debido al incumplimiento del licenciado Pavía Vidal con lo ordenado, el 18 de octubre de 2019 emitimos una *Resolución* en la que le concedimos un término final de diez (10) días para que compareciera ante este Foro y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por su incumplimiento con los requisitos del PEJC. En esa ocasión, nuevamente apercibimos al letrado sobre las sanciones severas que su incumplimiento con lo ordenado podía acarrear, las cuales incluían la suspensión del ejercicio de la profesión legal. No obstante, el licenciado Pavía Vidal volvió a incumplir con lo ordenado por este Tribunal.

Así las cosas, el 21 de mayo de 2021 el Programa presentó una *Certificación* mediante la cual nos informó que, a pesar de que el licenciado Pavía Vidal cumplió con los créditos de educación jurídica continua requeridos para el periodo del 1 de abril de 2015 al 31 de marzo de 2018, no pagó las multas por cumplimiento tardío y referido -impuestas al amparo de las Reglas 30(e) y 32(d) del Reglamento del PEJC, 4 LPRA Ap. XVII-F- de dicho periodo, ni aquellas

correspondientes a los periodos siguientes: 1 de abril de 2007 al 31 de marzo de 2009; 1 de abril de 2011 al 31 de marzo de 2013, y del 1 de abril de 2013 al 31 de marzo de 2015. Asimismo, el Programa señaló que el letrado se encontraba en incumplimiento con los créditos de educación jurídica continua requeridos para el periodo del 1 de abril de 2018 al 31 de marzo de 2021.

Como resultado de lo anterior, el 2 de junio de 2021 emitimos una *Resolución* en la que le otorgamos al licenciado Pavía Vidal un término final e improrrogable de treinta (30) días para cumplir con todos los requerimientos del Programa y presentar una *Certificación* de cumplimiento emitida por el PEJC. En esa oportunidad, una vez más, apercibimos al letrado que su incumplimiento con lo ordenado podía conllevar sanciones severas, incluyendo su suspensión del ejercicio de la profesión legal. No obstante, el licenciado Pavía Vidal no compareció dentro del término provisto.

Posteriormente, el 22 de octubre de 2021 el PEJC presentó ante este Tribunal una *Certificación* de la cual surge que el letrado no ha cumplido con los créditos de educación jurídica continua correspondientes al periodo del 1 de abril de 2018 al 31 de marzo de 2021, ni ha pagado las multas por cumplimiento tardío y referido relacionadas con dicho periodo, ni aquellas de los periodos mencionados anteriormente. Así, el licenciado Pavía Vidal continua en incumplimiento con los requerimientos del PEJC y, por consiguiente, con las órdenes de este Tribunal.

A la luz del cuadro fáctico expuesto, procedemos a disponer del proceso disciplinario ante nuestra consideración.

## II

En el ejercicio de nuestra facultad de regular la profesión legal, este Tribunal tiene la obligación de asegurarse de que los profesionales del derecho admitidos al ejercicio de la abogacía lleven a cabo sus funciones responsable, competente y diligentemente. In re Lewis Maymó, 205 DPR 397, 402 (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C.9, le requiere a todos los miembros de la profesión legal conducirse ante los tribunales con una conducta que se caracterice por el mayor respeto. In re Lajara Radinson, 2021 TSPR 111, 207 DPR ___ (2021); In re Cintrón Rodríguez, 205 DPR 299, 308 (2020) (citando a In re Cruz Liciaga, 198 DPR 828, 836 (2017)); In re Torres Acevedo, 2020 TSPR 108, 205 DPR ___ (2020). Acorde con ese mandato, hemos insistido en el ineludible deber que tienen todos los abogados de cumplir pronta y diligentemente con las órdenes de este Tribunal, especialmente cuando se trata de procesos disciplinarios. In re Lajara Radinson, supra; In re Cintrón Rodríguez, supra, pág. 308; In re López Cordero, 2018 TSPR 80, 200 DPR ___ (2018); In re Rivera Navarro, 193 DPR 303, 311-312 (2015). Asimismo, hemos señalado que dicho deber "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y

el Programa de Educación Jurídica Continua". In re Cintrón Rodríguez, *supra*; In re López Pérez, 201 DPR 123, 126 (2018); In re Arocho Cruz, 200 DPR 352, 361 (2018). Cónsono con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los letrados como una afrenta a la autoridad de los tribunales, lo que constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*, y resulta ser suficiente para decretar la separación inmediata e indefinida de la profesión legal. In re López Pérez, *supra*, pág. 126; In re Canales Pacheco, 200 DPR 228, 233 (2018).

### III

De los hechos reseñados se puede colegir que el licenciado Pavía Vidal ha desatendido las órdenes emitidas por este Tribunal. Ello, incluso a pesar de nuestros reiterados apercibimientos sobre las consecuencias que su incumplimiento podría acarrear.

Sin duda alguna, el comportamiento del letrado se distancia de la conducta de respeto hacia los tribunales que el Canon 9 del Código de Ética Profesional, *supra*, exige a todos los miembros de la profesión legal y constituye una actitud de menosprecio e indiferencia a nuestra autoridad, lo que resulta ser suficiente para decretar su suspensión inmediata e indefinida de la práctica de la profesión legal.

A tono con lo anterior, en virtud de nuestro poder inherente de reglamentar la abogacía, suspendemos inmediata

e indefinidamente al licenciado Pavía Vidal del ejercicio de la profesión legal.

IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del licenciado Pavía Vidal del ejercicio de la abogacía y de la notaría.

El señor Pavía Vidal deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Igualmente, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en un futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial del señor Pavía Vidal y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Pavía Vidal queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de

su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

|  |  | Conducta |
| --- | --- | --- |
| Luis M. Pavía Vidal | TS-14,805 | Profesional |

SENTENCIA

En San Juan, Puerto Rico a 9 de noviembre de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Luis M. Pavía Vidal del ejercicio de la abogacía y la notaría.

Le ordenamos notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en un futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial del señor Pavía Vidal y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio

de la notaría, la fianza que garantiza las funciones notariales del señor Pavía Vidal queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo